UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| MICHAEL JONES, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : No. 2:14-cv-01667 |
| | : |
| U.S. DEPARTMENT OF EDUCATION; | : |
| ARNE DUNCAN; | : |
| PENNSYLVANIA DEPARTMENT OF LABOR | : |
| & INDUSTRY; | : |
| OFFICE OF VOCATIONAL REHABILITATION; | : |
| BUREAU OF BLINDNESS AND VISUAL | : |
| SERVICES, | : |
| | : |
| Defendants. | : |

_____

# **O P I N I O N**

**Plaintiff's Emergency Motion, ECF No. 49 – Denied**

**Joseph F. Leeson, Jr.**  February 16, 2017
**United States District Judge**

      Plaintiff Michael Jones has filed an Emergency Motion to Stay, requesting that the Court enjoin Defendant Office of Vocational Rehabilitation ("OVR") from terminating his license to operate OVR stand #551, a vending facility at the Philadelphia IRS building. *See* Pl.'s Mot. 2, ECF No. 49. The termination of the license was a condition of a settlement agreement Jones entered into with Defendants to resolve the claims he raised in this case and other related litigation, which concern Jones's participation as a blind vendor under the Randolph-Sheppard Act. Jones seeks to have the Court "open. . . and reverse" the settlement agreement, contending that he signed the agreement under duress and was unaware of its contents. *See id.* Ex. 1 (Jones's

January 19, 2017 Complaint).[1] Because Jones has not shown that he is entitled to relief under any of the subsections of Federal Rule of Civil Procedure 60(b), the Court denies his motion.

In September 2015, the Court referred this case to Magistrate Judge Timothy R. Rice for settlement purposes. On October 27, 2015, after having received notice from Judge Rice that the parties had reached a settlement, the Court dismissed this case with prejudice pursuant to Local Civil Rule 41.1(b) and ordered that Judge Rice retain jurisdiction to enforce the settlement terms. ECF No. 39. On December 1, 2015, at the conclusion of a settlement conference over which Judge Rice presided, the parties signed a written settlement agreement. Settlement Agreement, ECF No. 43. Pursuant to the settlement agreement, Jones must cease operating OVR stand #551 by February 10, 2017. *Id.* ¶ 5.

In September 2016, approximately ten months after the parties signed the settlement agreement, Jones sent an email to Judge Rice stating that "there may be serious challenges with this settlement agreement." *See* Defs.' Resp. Opp'n Ex. B, ECF No. 52-1. Judge Rice then held a telephone conference at which Jones claimed, as he does in his present motion, that he signed the agreement under duress and was not provided with a braille copy of the agreement. Conf. Tr. 8:15-25, ECF No. 45. In response to Jones's claims, Judge Rice carefully reviewed the circumstances under which the settlement agreement was negotiated and signed. Judge Rice observed that he presided over two settlement conferences on October 23, 2015, and December 1, 2015, which allowed Jones ample time to confer with his family members and with the three

---

[1] Jones initially raised these arguments in a new complaint, which the Clerk of Court docketed as a new civil action. *See Jones v. U.S. Dep't Educ.*, No. 17-cv-00296 (E.D. Pa. filed January 19, 2017). Because the relief Jones sought was to reopen this case, the Court dismissed the complaint and advised Jones to raise these issues by filing an appropriate motion in this case. Jones then filed the present motion and attached a copy of that dismissed complaint to the motion. Because Jones is now acting pro se, the Court will consider the arguments raised in both his motion and the attached complaint.

attorneys who represented him. In particular, at the latter conference, at which Judge Rice, Jones, Jones's three attorneys, Jones's wife, and Defendants' counsel were present, the participants "spent the better part of the day . . . discussing Mr. Jones's concerns with the agreement and attempting to resolve those." Conf. Tr. 20:1-8. At the conclusion of that conference, Jones and his attorneys signed the agreement. Conf. Tr. 22:11-13. Judge Rice found that Jones's attorneys were "extremely competent, extremely patient, extremely well informed, and advocated vigorously on behalf of Mr. Jones" and that the attorneys "advised him of his rights and the advisability of entering the agreement which he signed." Conf. Tr. 24:14-20. With respect to Jones's claim that he was not given a braille copy of the agreement, Judge Rice found that "the attorneys reviewed the provisions with him." Conf. Tr. 23:10-12. On the basis of these findings, Judge Rice denied Jones's request to revoke the settlement and entered an order to that effect. ECF No. 42.

Jones appealed Judge Rice's order to the Court of Appeals for the Third Circuit, but the Third Circuit dismissed his appeal for lack of jurisdiction, writing as follows:

> Appellant appeals from the Magistrate Judge's September 30, 2016 order. When, as here, the parties have not consented to proceed before a magistrate judge under 28 U.S.C. § 636(c), an appeal from a magistrate judge's order must be made to the district court in the first instance. *See Siers v. Morrash*, 700 F.2d 113, 116 (3d Cir. 1983). Because Appellant did not appeal the Magistrate Judge's September 30, 2016 order to the District Court, we lack jurisdiction to review this order. *See id.* Accordingly, we must dismiss this appeal for lack of jurisdiction.

*Jones v. U.S. Dep't Educ.*, C.A. No. 16-4015.

Jones then filed the present Emergency Motion in this Court. He claims that at the December 1, 2015 settlement conference he was "threatened and intimidated" and "was told to

sign [the agreement] because [he] had no choice." Pl.'s Mot. Ex. A.[2] Jones further claims that "[t]hey would not give [him] a braille copy [of the agreement] to read" or allow him "to take the document home so that someone sighted could read it to [him]." *Id.* He claims that his own attorney "never read anything to [him]." *Id.* On this basis, he "ask[s] the court to open th[e] Settlement and reverse it." *Id.*

Although Jones does not specify the grounds on which he is seeking relief, the Court construes his motion as seeking relief under Rule 60(b). *See Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993) ("[A]ny time a district court enters a judgment, even one dismissing a case by stipulation of the parties, it retains, by virtue of Rule 60(b), jurisdiction to entertain a later motion to vacate the judgment on the grounds specified in the rule."); *DeMatthews v. Hartford Ins. Co.*, 402 F. App'x 686 (3d Cir. 2010) (per curiam) (applying the court's holding in *Sawka* in the context of a request to set aside a settlement agreement); *Ballard ex rel. Ballard v. Phila. Sch. Dist.*, 273 F. App'x 184 (3d Cir. 2008) (same).

Rule 60(b) provides six grounds for relief, three of which might possibly apply here: subsection (1) "mistake, inadvertence, surprise, or excusable neglect"; subsection (3) "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party"; and subsection (6) "any other reason that justifies relief." Having reviewed the record *de novo*, the Court concludes that Jones has not shown that he is entitled to relief under any of these subsections. As set forth above, Magistrate Judge Rice held a series of conferences at which he "was personally able to observe [Jones] and assess his responsiveness, demeanor, and ability to comprehend the terms of the settlement," *see DeMatthews*, 402 F. App'x at 689, and observe the guidance provided to Jones by his attorneys in reaching the settlement. The

---

[2]   Jones does not explicitly state who threatened and coerced him, but the context of his remarks suggests that he is claiming the Defendants did so.

Court concludes that Jones knowingly and voluntarily entered into the settlement agreement and therefore denies his Emergency Motion. *See id.* ("It is clear that a party who is simply 'trying to escape the effects of a bargain it regretted in hindsight' has not demonstrated exceptional circumstances sufficient to warrant reopening under Rule 60(b)(6)." (quoting *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002)). A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.
United States District Judge